**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL ACTION** |
| | : | |
| | : | **NO. 08-274** |
| **v.** | : | |
| | : | |
| **RICARDO RAMOS,** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 12-124** |

_____

**DuBOIS, J.**                                                                            **August 9, 2012**

**M E M O R A N D U M**

**I. INTRODUCTION**

On March 5, 2009, defendant Ricardo Ramos was convicted after a three-day trial of

possession of cocaine base ("crack") and heroin with intent to distribute, in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(C) (Count I), possession of a firearm during a drug trafficking

crime, in violation of 18 U.S.C. § 924(c) (Count II), and possession of a firearm by a convicted

felon, in violation of 18 U.S.C. § 922(g)(1) (Count IV). The Court sentenced defendant to 300

months' imprisonment, six years' supervised release, a $1,000 fine, and a $300 special

assessment on October 19, 2009. Defendant appealed his conviction to the Third Circuit, which

affirmed on October 13, 2010. United States v. Ramos, 397 F. App'x 767 (3d Cir. 2010).

Defendant filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody on January 11, 2012 ("§ 2255 Motion"), and a

Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence, on

1

February 27, 2012 ("Defendant's Memorandum of Law"). The government filed a response on

May 7, 2012.[1]

For the reasons that follow, the Court denies defendant's § 2255 Motion.

## II. BACKGROUND

### A. Events of March 31, 2009

At trial, the government presented evidence showing the following: On March 31, 2008,

Philadelphia Police Department Officers William Landis and Timothy Linahan set up

surveillance near the corner of Rorer and Cambria Streets in Philadelphia, an area known to law

enforcement for heroin trafficking. The officers saw a black Chevrolet Suburban (the

"Suburban") circle the block a number of times and then park directly in front of the officers'

unmarked car. The officers then observed an individual walk up to the passenger side, pass

something through the window, and receive an item back. The officers recognized the individual

as Ulysses Hood, whom they had arrested previously for dealing heroin. The officers thereafter

witnessed a second individual do the same thing. The Suburban had tinted windows, and the

officers could not see how many people were inside.

The Suburban thereafter drove away. The officers then sent out a radio call for backup

and provided the Suburban's vehicle information. Within a few minutes, Officers Kevin

Kachigian and Alex Cricelli spotted the Suburban three blocks from where Officers Landis and

Linahan had observed it. Officers Kachigian and Cricelli pulled the Suburban over. Defendant

---

[1] On May 12, 2012, defendant sent a letter to Chambers requesting fourteen extra days to file a reply to the government's response. The Court granted defendant's request on May 22, 2012, giving defendant until June 5, 2012. Defendant has not file a reply and has not requested additional time. Thus, the Court decides defendant's § 2255 motion on the present state of the record.

was in the passenger seat, and his co-defendant Frankie Burk was driving. Upon approaching the

Suburban, Officer Cricelli observed packets of heroin scattered on the carpet behind the driver's

seat. The officers removed defendant and Burk from the Suburban and conducted a sweep of the

car to ensure that there was no one else inside. During the sweep, Officer Cricelli opened the rear

passenger door and saw the butt of a handgun sticking out from under a bag on the rear seat. The

officers then frisked defendant and Burk. They recovered $910 from Burk and $442 from

Ramos, more than $260 of which was in ten-dollar denominations.

Officers later obtained a search warrant for the Suburban and recovered the packets of

heroin, cocaine, the aforementioned gun, a box of wedding invitations, and more cash—

including two ten-dollar bills in the center console. At trial, the government's expert, Brent

Wood, testified that the packets of heroin that police found in the Suburban typically sold for ten

dollars each on the street.

### B. Testimony of Fingerprint Expert Makuch

At trial, the government called Philadelphia Police Officer Adrian Makuch to testify

regarding fingerprints on the gun that police recovered from the Suburban. Defendant did not

object to the expert testimony of Officer Makuch on fingerprint analysis. Officer Makuch

testified that he did not recover any latent fingerprints from the gun. He also testified that he

swabbed the gun for DNA and sent the swab to the laboratory for processing.

### C. Burk's Hearsay Statement

Upon arrest, Burk stated that Ramos was not involved in any criminal activity and that

the drugs and the guns belonged to Burk. Burk further stated that the money that police found on

defendant was for an engagement ring that defendant planned to buy. Before trial, the

government filed a motion in limine to exclude these statements as hearsay. The Court granted

the government's motion without prejudice to defendant's right to lay a foundation for the

statements to be admitted under a res gestae exception to the hearsay rule. Defendant's counsel

unsuccessfully attempted to do so while cross-examining Officers Cricelli and Kachigian. (Trial

Tr. vol. 2, 171, 191, Mar. 4, 2009.)

### D. Defendant's Rule 29 Motion

Upon the government's finishing its case-in-chief, defendant made a motion under

Federal Rule of Criminal Procedure 29 for a judgment of acquittal as to Counts I and II of the

Indictment.[2] Defendant argued that the government had failed to submit any evidence that he

was more than a passive bystander. The Court denied defendant's motion.

### E. Appeal

Defendant filed a Notice of Appeal on October 27, 2009. On appeal, defendant argued:

(1) that he exercised no dominion over the contraband and thus, that the government failed to

prove possession of the drugs or gun beyond a reasonable doubt; and (2) that the Court erred in

refusing to admit Burk's hearsay statement and that doing so violated defendant's due process

rights under Chambers v. Mississippi, 410 U.S. 284 (1973).

The Third Circuit affirmed the conviction, rejecting both of defendant's arguments in an

unpublished opinion. United States v. Ramos, 397 F. App'x 767 (3d Cir. 2010).

## III. DISCUSSION

Defendant raises a number of issues in his § 2255 Motion, many of which are

interdependent. First, he makes a number of arguments addressing alleged defects at his trial.

---

[2] Defendant waived his right to a jury as to Count IV.

Second, he argues that his conviction must be overturned under the cumulative error doctrine.

Third, defendant argues that his trial counsel was ineffective for a number of reasons, most of

which are duplicative of his arguments relating to the alleged defects at trial. Finally, defendant

argues that the Court should hold a hearing on his § 2255 Motion. For the reasons stated below,

the Court rejects all of defendant's arguments and denies his § 2255 Motion without a hearing.

### A. Alleged Defects at Trial

A number of defendant's claims based on alleged defects at trial were raised at trial and

on direct appeal and rejected. Thus, as explained below, they are not appropriate grounds for a

motion under section 2255. The rest are procedurally defaulted because defendant did not raise

them at trial or on direct appeal. This Memorandum will address each argument in turn.

### 1. Burk's Hearsay Statements

Defendant argues that the Court "improperly prevented [him] from presenting his defense

to the charges" when it refused to admit Burk's hearsay statements. (Def.'s Mem. Law 3.) The

Court heard argument on this issue before trial and ruled that the statement was inadmissible

hearsay. The Third Circuit affirmed this decision. Ramos, 397 F. App'x at 770–71.

"Section 2255 generally 'may not be employed to relitigate questions which were raised

and considered on direct appeal.'" United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir.

1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)); see also United States

v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981) ("Once a legal argument has been litigated and

decided adversely to a criminal defendant at his trial and on direct appeal, it is within the

discretion of the district court to decline to reconsider those arguments if raised again in

collateral proceedings under 28 U.S.C. § 2255."). Defendant merely rehashes the argument he

made prior to trial, which both this Court and the Third Circuit rejected. Thus, the Court rejects this argument.

### 2. Sufficiency of the Evidence

Defendant argues that there was insufficient evidence to sustain his convictions for possession of a controlled substance with intent to distribute and possession of a firearm during a drug trafficking crime, arguing that the evidence failed to establish that defendant possessed the drugs or that the gun was used in furtherance of the drug trafficking crime. At trial, defendant moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. (Trial Tr. vol. 2, 274–80, Mar. 4, 2009.) In that motion, defendant argued that there was insufficient evidence to establish that he possessed the gun or the drugs. The Court rejected defendant's arguments and denied his motion. (Id. at 280.) The Third Circuit affirmed, finding that "[t]he evidence at trial established that Ramos exercised dominion and control over the drugs and the gun." Ramos, 397 F. App'x at 769. Because defendant's argument that there was insufficient evidence to establish that defendant possessed the drugs—Count I—has "been litigated and decided adversely to [defendant] at his trial and on direct appeal," Orejuela, 639 F.2d at 1057, the Court rejects it.

Defendant's motion with respect to Count II—possession of a firearm in furtherance of a drug trafficking offense—asserts a different argument than that asserted in the Rule 29 motion and on appeal. Defendant argues in his § 2255 Motion that there was insufficient evidence that the gun was used in furtherance of the drug trafficking crime—an element separate from possession. The Court rejects this new argument as procedurally defaulted. "[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003) (citing United States v. Frady,

456 U.S. 152, 170 (1982), and Bousley v. United States, 523 U.S. 614, 620–23 (1998)). A "claim

may still be reviewed in [a] collateral proceeding if [the defendant] can establish that the

constitutional error . . . 'has probably resulted in the conviction of one who is actually

innocent.'" Bousley, 523 U.S. at 623 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Defendant did not raise this claim at trial or on direct appeal. Defendant makes only a

brief, generalized argument as to cause and prejudice at the end of his Memorandum of Law,

based solely on his trial counsel's allegedly ineffective performance. He says nothing about

actual innocence in his motion papers. As explained below, infra Section III.C, the Court denies

all of defendant's ineffective-assistance-of-counsel claims. Accordingly, the Court rejects

defendant's sufficiency-of-the-evidence argument as to Count II as procedurally defaulted.

Further, even if this claim were not procedurally defaulted, it would fail because there

was, in fact, sufficient evidence that defendant used that gun in furtherance of the drug

trafficking offense. The gun was readily accessible on the back seat of the Suburban, in which

defendant and Burk were selling drugs. See Ramos, 397 F. App'x at 769–70. Thus, a reasonable

jury could conclude that the gun was there to protect the substantial amount of drugs and money

in the car. In fact, the government made this argument during the trial at closing, describing the

gun as "[a] tool of the trade of drug trafficking. And that's because drug dealing is a risky

business." (Trial Tr. vol. 3, 18, Mar. 15, 2009.)

### 3. Prosecutorial Misconduct

Defendant next argues that the government engaged in prosecutorial misconduct by

failing to correct false testimony. (Def.'s Br. 19–23.) Defendant argues that two instances of

discrepancies in the testimony of government witnesses constituted perjury that the government

should have corrected. First, he points to a discrepancy between Officer Linahan's account of the events of March 31, 2008, and Officer Landis's account. Officer Linahan stated that, upon receiving a radio call from Officers Kachigian and Cricelli that they had stopped the Suburban, he and Officer Landis drove around the area to look for the two buyers before proceeding to the location of the Suburban. (Trial Tr. vol. 2, 48, Mar. 4, 2009.) Officer Landis testified that he and Officer Linahan went to the location of the Suburban immediately upon receiving the radio call from Officers Kachigian and Cricelli and then went to look for the buyers. (Id. at 142.)

Defendant also points to an inconsistency in the testimony of Officer Makuch. At one point, Officer Makuch was asked "how many firearms and ammunition [he had] conducted latent fingerprint examinations on." (Id. at 98.) He responded, "at least maybe 100, 150." (Id.) A few minutes later he was asked the same thing and responded "[a]gain it would be approximately 150, 200 firearms." (Id. at 204.)

First, this claim is procedurally defaulted because defendant did not raise it at trial or on direct appeal, and the Court finds defendant's generalized and conclusory arguments with respect to cause and prejudice unavailing. See supra Section III.A.2

Second, even if this claim were not procedurally defaulted, the Court would reject it. To establish prosecutorial misconduct, defendant must prove "(1) [the witness] committed perjury; (2) the government knew or should have known of his perjury; (3) the testimony went uncorrected; and (4) there is any reasonable likelihood that the false testimony could have affected the verdict." Lambert v. Blackwell, 387 F.3d 210, 242 (3d Cir. 2004).

There is no evidence of perjury in this case. Clearly, the minor inconsistencies in Officer Makuch's testimony did not amount to perjury, given that the two different answers were very

8

similar and represented merely an approximation of the number of firearms Officer Makuch had

examined over a nine-year career. Nor is there evidence that the minor discrepancy between

Officer Landis's and Officer Linahan's testimony constitutes perjury. See United States v.

Scarfo, 711 F. Supp. 1315, 1322 (E.D. Pa. 1989) ("The defendants must show more than mere

inconsistencies in testimony by government witnesses; the defendants must meet the heavy

burden of showing that the testimony was knowingly false.").

Moreover, there is no "reasonable likelihood that the [allegedly] false testimony could

have affected the verdict." Lambert, 387 F.3d at 242. Defendant argued at trial that he was not in

the car when Officers Landis and Linahan observed the alleged drug deals with the two

individuals. Thus, an issue at trial was how much time elapsed between the time the Suburban

drove away from Officers Landis and Linahan and the time Officers Kachigian and Cricelli

stopped the Suburban a few blocks away with defendant in the vehicle. Significantly, it does not

matter when Officers Landis and Linahan arrived at the location of the Suburban because

Officers Kachigian and Cricelli had already pulled over the Suburban, thus ending the time

period during which defendant could have entered the Suburban.

### 4. Expert Testimony

Defendant argues that the Court erred in allowing Officer Makuch to provide expert

testimony on the fingerprint analysis. Defendant argues that Officer Makuch "was admitted

solely as an 'expert in lifting fingerprints'" and thus, that he was not admitted to "testify as an

expert in conducting scientific testing in this case." (Def.'s Mem. Law 24 (quoting Trial Tr. vol.

2, 198, Mar. 4, 2009).). Further, defendant argues that the Court improperly admitted Officer

Makuch's testimony regarding the swabbing of the gun for DNA because Officer Makuch "had no training as a DNA expert." (Id. at 28.)

Again, this argument, which was not raised at trial or on direct appeal, is procedurally defaulted. See supra Section III.A.2. Further, even if it were not procedurally defaulted, the Court would reject it as frivolous. Officer Makuch was admitted to testify as an expert with respect to fingerprint analysis. This he did. Defendant focuses on the phrasing the government used when it "move[d to admit] Officer Makuch as an expert in lifting fingerprints." (Trial Tr. vol. 2, 198, Mar. 4, 2009.) It is absurd to suggest, as defendant does, that the government's reference to the science of fingerprint analysis as "lifting fingerprints" limited the scope of Officer Makuch's expert testimony solely to the physical process of removing the fingerprints from the gun.[3]

## B. Cumulative Error

Defendant argues, "If the Court believes that any of the claimed issues herein does [sic] not individually require judicial relief, considering these claims in conjunction with each other argument raised [sic], will demonstrates [sic] an entitlement to judicial relief pursuant to the cumulative error doctrine." (Def.'s Mem. Law 29.) To prevail on a claim under the cumulative error doctrine, defendant must show that "the [ ] errors, when combined, so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." United States v. Thornton, 1 F.3d 149, 156 (3d Cir. 1993) (alteration in original) (quoting United States v. Hill, 976 F.2d 132, 145 (3d Cir. 1992)). First, this claim is procedurally defaulted because it was not

---

[3] Defendant's argument regarding the DNA swab is likewise meritless. Officer Makuch simply testified that he swabbed the gun for DNA and sent it to the laboratory for testing. He did not provide any expert testimony regarding the science of DNA testing.

raised at trial or on direct appeal. See supra Section III.A.2. Even if it were not procedurally

defaulted, the Court would reject it. Because the Court concludes that none of defendant's

arguments have merit, the cumulative error doctrine does not apply. See Mullen v. Blackburn,

808 F.2d 1143, 1147 (5th Cir. 1987) ("Zero times twenty is still zero.").

### C. Ineffective Assistance of Counsel

Defendant argues that his Sixth Amendment right to counsel was violated because his

trial counsel was ineffective. In so arguing, defendant restates all of the arguments noted above

and claims that his trial counsel was ineffective for either failing to make such arguments or not

prevailing on the arguments counsel made. For the reasons that follow, the Court rejects this

claim

### 1. Legal Standard

"Strickland v. Washington supplies the standard for addressing a claim of ineffective

assistance of counsel." United States v. Smack, 347 F.3d 533, 537 (3d Cir. 2003). "The

benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so

undermined the proper functioning of the adversarial process that the trial cannot be relied on as

having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984).

This standard requires a two-part inquiry. "First, the defendant must show that counsel's

performance was deficient," that is, "that counsel's representation fell below an objective

standard of reasonableness." Id. at 687. The measure for counsel's performance under this first

prong is "whether counsel's assistance was reasonable considering all the circumstances,"

including "prevailing professional norms." Id. at 688. "Second, the defendant must show that

[counsel's] deficient performance prejudiced the defense." Id. at 687. The defendant must

demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### 2. Failure to Lay Proper Foundation for Admission of Burk's Hearsay Statement

Defendant argues that his trial counsel failed to lay a proper foundation for the admission of Burk's hearsay statements. The Court rejects this argument as belied by the transcript. Defendant's counsel attempted to lay a foundation for admission of Burk's hearsay statements as res gestae. During his cross-examination of Officers Kachigian and Cricelli, defense counsel asked the officers about both Burk's and defendant's demeanor during the stop in an attempt to lay the foundation for a res gestae exception to the hearsay rule. (Trial Tr. vol. 2, 171, 191, Mar. 4, 2009.) The Court ruled that such evidence did not support an exception to the hearsay rule. That defense counsel was unsuccessful does not mean that he was ineffective. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 296 (3d Cir. 1991) ("[T]here is nothing unusual in an attorney not being able to convince a court that evidence should be admitted."). Rather, the Court concludes that counsel's performance was not deficient, and defendant's argument in this regard fails.

### 3. Failure to Make a Sufficiency-of-the-Evidence Claim

Defendant argues that his trial counsel was ineffective for failing to argue that there was insufficient evidence to support a conviction on Counts I and II. As to Count I, as explained above, supra Section III.A.2, defendant's counsel made a motion under Rule 29 for judgment of acquittal on Count I in which he made the same argument that defendant makes in his § 2255 Motion. Both this Court and the Third Circuit rejected defendant's argument. Thus, defendant has failed to make any showing of deficient performance.

As for Count II, defendant argues that his trial counsel failed to argue that the evidence at trial "was insufficient to show the alleged weapon was used in furtherance of a drug crime." (Def.'s Mem. Law 33.) First, defendant's trial counsel's Rule 29 motion included an argument that the evidence was insufficient to establish the elements of Count II, which the Court rejected. Second, defendant's trial counsel's decision to base that argument on possession of the gun rather than the "in furtherance" requirement was not deficient, nor did it prejudice defendant. As explained above, supra Section III.A.2, there was sufficient evidence that the gun was used in furtherance of the crime.

### 4. Failure to Argue Prosecutorial Misconduct

Defendant argues that his trial counsel was ineffective for failing to make an argument to the court with respect to the alleged prosecutorial misconduct discussed above, supra Section III.A.3. The Court rejects this argument because, as explained above, there was no prosecutorial misconduct.

### 5. Failure to Object to Expert Fingerprint Testimony

Defendant argues that his trial counsel was ineffective because he failed to object to the scope of Officer Makuch's expert testimony. Again, the Court rejects this argument because, as explained above, any such objection would have been frivolous—Officer Makuch's testimony was within the scope of his qualification as an expert. See supra Section III.A.4.

### 6. Failure to Argue Cumulative Error

Defendant argues that his trial counsel was ineffective because he failed to argue that the cumulative error doctrine required a new trial. The Court rejects this argument because the cumulative error doctrine does not apply in this case. See supra Section III.B.

**D. Evidentiary Hearing**

Defendant requests an evidentiary hearing to "more fully prove his meritorious constitutional claims with the assistance of professional counsel." (Def.'s Mem. Law 38.) Under 28 U.S.C. § 2255(b), an evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In deciding whether to hold a hearing, the Court accepts the truth of the defendant's factual allegation unless they are clearly contradicted by the record. See Gov't of the V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1988).

In this case, the Court concludes that the "motion and the files and records of the case conclusively show that [defendant] is entitled to no relief." 28 U.S.C. § 2255. As explained above, all of defendant's arguments are unsupported by the record and/or law. Thus, the Court will not hold a hearing on defendant's § 2255 Motion.

## IV. CONCLUSION

For the reasons stated above, the Court denies defendant's § 2255 Motion without a hearing.

An appropriate Order follows.