IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 08-274-2 |
| | : | |
| RICARDO RAMOS | : | |

### MEMORANDUM

**Padova, J.**                                                                                                              **April 17, 2024**

In 2009, Defendant Ricardo Ramos was sentenced to 300 months' imprisonment for drug and gun offenses. In the instant Motion, Ramos asks that we reduce his sentence pursuant to 18 U.S.C. § 3582 based on several legal developments since that time. For the reasons that follow, we conclude that Ramos does not qualify for the relief he seeks pursuant to § 3582(c)(1) and (c)(2), and we therefore deny the Motion in its entirety.

**I.     BACKGROUND**

On March 5, 2009, following a jury trial, Defendant Ricardo Ramos was convicted of one count of possession with intent to distribute heroin and cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (Count 1); one count of possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(a)(i) and 2 (Count 2); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 4).

At his October 19, 2009 sentencing, Ramos was deemed a career offender pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1(a) based on his drug conviction in Count 1, as well as three prior convictions for possession with intent to distribute controlled substances and one prior conviction for robbery. As a career offender, and with his predicate offense in Count 1 having a statutory maximum of thirty years imprisonment, Ramos was assigned a total offense

level of 34 pursuant to § 4B1.1(b).  Additionally, because of his career offender designation, § 4B1.1(b) provided that he be assigned a criminal history category of VI.  Based on his total offense level of 34 and criminal history category of VI, as well as the mandatory 60-month consecutive sentence on his § 924(c) conviction, Ramos would ordinarily have faced an advisory Guidelines range of 322 to 387 months' imprisonment.  However, because he was deemed a career offender and also sustained a § 924(c) conviction, his overall Guidelines range was instead determined according to the table in § 4B1.1(c)(3), which dictated a sentencing range of 360 months to life.  Ramos was ultimately sentenced to a total term of imprisonment of 300 months, comprised of concurrent terms of of 240 months on Count 1 and 120 months on Count 4, and the mandatory consecutive 60-month term on Count 2.  This was a downward variance from the Guidelines minimum of 360 months.

Ramos appealed, and the United States Court of Appeals for the Third Circuit affirmed his conviction and sentence on October 13, 2010.  See United States v. Ramos, 397 F. App'x 767 (3d Cir. 2010).  In the years since, he has unsuccessfully sought relief from his conviction and sentence several times on various grounds, including pursuant to 28 U.S.C. § 2255, Federal Rule of Criminal Procedure 33, and 18 U.S.C. § 3582(c).  See, e.g., United States v. Ramos, Crim. A. No. 08-274, Civ. A. No. 12-124, 2012 WL 3279210 (E.D. Pa. Aug. 10, 2012); United States v. Ramos, Crim A. No. 08-274-02, 2014 WL 3808935 (E.D. Pa. July 28, 2014); (Docket Nos. 241, 270.)  Ramos's pending Motion again asks the Court to reduce his term of imprisonment, this time pursuant to 18 U.S.C. §§ 3582(c)(1)(A)(i) and (c)(2).

**II.    LEGAL STANDARD**

       A.     <u>18 U.S.C. § 3582(c)(2)</u>

Section 3582(c)(2) authorizes courts to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Dillon v. United States, 560 U.S. 817, 821 (2010). A reduction is "not consistent with [Sentencing Commission policy statements] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" if it has not been made retroactive by the Sentencing Commission, or if it "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(A)-(B).

    B.    18 U.S.C. § 3582(c)(1)

Section 3582(c)(1) provides that a court may reduce a defendant's term of imprisonment, after considering the sentencing factors set forth in 18 U.S.C. § 3553, if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In determining whether extraordinary and compelling reasons exist, courts may, under certain conditions, consider changes in the law since the defendant was sentenced, "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).[1]

### III.    DISCUSSION

    A.    18 U.S.C. § 3582(c)(2)

Ramos discusses several amendments to the Sentencing Guidelines in his Motion, but none support the reduction he seeks under § 3582(c)(2). He primarily relies upon Amendments 798 and 821.

---

[1] Section 1B1.13(b)(6) was recently added to the Sentencing Guidelines by Amendment 814, effective November 2023. The Government contends that this new provision exceeds the power of the Sentencing Commission and is therefore inoperative. However, as the Government agrees, we need not decide that here, as we conclude that even if Amendment 814 is effective, it does not entitle Ramos to relief.

Amendment 798, which modified the definition of a crime of violence in the career offender guidelines. See U.S.S.G. § 4B1.2. To be designated a career offender under § 4B1.1(a), a defendant must have at least two prior felony convictions qualifying as either crimes of violence or controlled substance offenses. Ramos's career offender designation was predicated, in part, on his 1998 robbery conviction, which Ramos argues no longer qualifies as a crime of violence after Amendment 798.

Ramos, however, cannot avail himself of Amendment 798 because the Sentencing Commission has not made that Amendment retroactive. A sentencing reduction is not authorized by § 3582(c)(2) unless it is based on one of the retroactive amendments listed in § 1B1.10(d). See United States v. Jones, Crim. A. No. 02-778, 2021 WL 4893344, at *2 (E.D. Pa. Oct. 20, 2021) ("The Court cannot reduce a sentence under § 3582(c)(2) based on an amendment that the Sentencing Commission declined to make retroactive." (citing U.S.S.G. § 1B1.10(a)(2)(A); Dillon, 560 U.S. at 831)). Because Amendment 798 has not been made retroactive, it cannot be the basis for a sentencing reduction pursuant to § 3582(c)(2).[2]

---

[2] Ramos cites United States v. Kennedy, 683 F. App'x 409 (6th Cir. 2017), for the proposition that Amendment 798 may be applied retroactively. In Kennedy, the United States Court of Appeals for the Sixth Circuit concluded that Amendment 798 was clarifying, not substantive, and could therefore be applied retroactively on direct appeal. See id. at 419. But in the § 3582(c)(2) context, unlike on direct appeal, § 1B1.10(a)(2)(A) expressly requires that any reduction be based on an amendment made retroactive by the Sentencing Commission and listed in § 1B1.10(d). Thus, Kennedy lends no support to the proposition that Amendment 798 can support a sentence reduction under § 3582(c)(2). See United States v. Hidalgo, 309 F. App'x 618, 620-21 (3d Cir. 2009) ("[A] discussion of whether [a Guidelines amendment] is a clarifying or substantive amendment is not necessary because it is clear from the language of 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10(a)(2) that if the pertinent amendment is not listed in § 1B1.10[(d)], then a reduction of the defendant's term is not authorized under a § 3582(c)(2) motion.").

We further note that, even if Amendment 798 had been made retroactive, it would not provide Ramos with a basis for relief.  This is because, even without consideration of Ramos's robbery conviction as a crime of violence, Ramos would be subject to the career offender enhancement because he has three prior controlled substance offenses, any two of which would satisfy the career offender requirement of two prior felony offenses. (See Presentence Investigation Report ("PSR") at 8 n.4).  Accordingly, even if Amendment 798 were applied retroactively, it would not lower Ramos's Guidelines range so as to support a reduction under § 3583(c)(2).

Ramos also relies upon Amendment 821, made retroactive by Amendment 825, which altered the calculation of criminal history points pursuant to U.S.S.G. § 4A1.1 by, inter alia, reducing the number of criminal history points assigned to a defendant for committing a crime while under another criminal sentence.  As with Amendment 782, discussed in footnote 3, Ramos's career offender designation nullifies any impact Amendment 821 might have on his Guidelines range.  Because his criminal history category was determined pursuant to § 4B1.1, without regard to criminal history points, any potential change to those points under Amendment 821 would have no impact on his criminal history category and ultimate Guidelines calculation. See U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.");  see also United States v. Banks, Crim. A. No. 18-579-1, 2024 WL 919835, at *2 (E.D. Pa. Mar. 4, 2024) (concluding that Amendment 821 did not change career offender's criminal history category or lower his Guidelines range); United States v. Murphy, Crim A. No. 21-906, 2024 WL 887538, at *3 (D.N.J. Feb. 29, 2024) ("As Defendant was determined to be a Career Offender, his criminal history points did not dictate his criminal history category and hence

sentencing guideline range."). Thus, a sentence reduction based on Amendment 821 is likewise not authorized.[3]

For the foregoing reasons, we conclude that the Sentencing Guideline amendments upon which Ramos relies do not "have the effect of lowering [his] applicable guideline range." U.S.S.G § 1B1.10(a)(2)(B). A reduction is therefore not authorized under 18 U.S.C. § 3582(c)(2). Id.

B.   18 U.S.C. § 3582(c)(1)

Ramos additionally contends that two changes in the law since he was sentenced in 2009 constitute extraordinary and compelling reasons warranting a sentence reduction pursuant to § 3582(c)(1).[4] First, he relies upon United States v. Nasir, 17 F.4th 459 (3d Cir. 2021), in which the Third Circuit held that inchoate controlled substance offenses such as attempt, conspiracy, or aiding and abetting did not qualify as controlled substance offenses for purposes of the career offender designation. Id. at 472; see also id. at 469 n.10 (explaining what constitutes an inchoate

---

[3] Ramos also asserts that Amendment 782, which altered the base offense level for drug offenses pursuant to U.S.S.G. § 2D1.1, "would have decreased his sentence." (Def.'s Mem. at 14, ¶ 8.) But he acknowledges that he previously sought a sentencing reduction based on that amendment and was denied "because of [his] Career Offender designation and likely the grouping [of Counts 1 and 4]." (Id. at 15, ¶ 10.) In denying relief, Judge Jan E. DuBois, who presided over Ramos's sentencing, explained that Ramos's "offense level was superseded by [U.S.S.G.] § 4B1.1" because of his career offender status. (Docket No. 241 at 5, ¶ 8.) Thus, as Judge DuBois elaborated, any potential change to his offense level under Amendment 782 had no effect on his Guidelines range and did not support a reduction of his sentence. (See id. at 5-6, ¶¶ 9-10.) Ramos references Amendments 706 and 711 as well, both of which similarly modified § 2D1.1. Because these amendments were effective as of November 2007, they were already incorporated into the November 2008 edition of the Guidelines used when Ramos was originally sentenced. (See PSR ¶ 5.)

[4] To the extent that Ramos contends that any of the retroactive Sentencing Guidelines amendments previously discussed also qualify as changes in the law justifying relief under § 3582(c)(1)(A)(i), they nonetheless cannot support a reduction because, as we have already explained, they do not alter Ramos's Guidelines range. Thus, there is no basis to anticipate that these amendments would produce a "gross disparity" between Ramos's actual sentence and the sentence likely to be imposed in February of 2024 when his Motion was filed, as § 1B1.13(b)(6) requires.

crime). Despite Sentencing Commission commentary to the contrary, the Nasir court concluded that the definition of controlled substance offenses in § 4B1.2(b) did not encompass inchoate crimes, and declined to give effect to the "more expansive commentary" over the "narrower" language of the Guideline itself. Id. at 469.

When Ramos was originally sentenced, he was designated a career offender, in part because one of his "instant offense[s] of conviction [was] a felony . . . controlled substance offense." U.S.S.G. § 4B1.1(a). Specifically, the jury found him guilty of possession with intent to distribute a controlled substance and aiding and abetting. Ramos argues that he was convicted only of aiding and abetting,[5] an inchoate offense, which Nasir dictates cannot serve as a predicate controlled substance offense for a career offender designation. However, the Sentencing Guidelines have been amended, effective November 2023, to expressly state that the term "controlled substance offense" in the career offender provisions "include[s] the offense[] of aiding and abetting . . . any such offense," effectively abrogating Nasir. U.S.S.G. § 4B1.2(d) (Nov. 1, 2023 ed.); see also United States v. Smith, No. 16-4301, 2023 WL 8797892, at *2 (3d Cir. Dec. 20, 2023) (explaining that under "the Sentencing Commission's recent amendment to the definitions of controlled substance offenses . . .[,] they now include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense" (quotation and citation omitted)). Thus, the plain text of the Guidelines now makes clear that inchoate controlled substance offenses qualify as controlled substance offenses under the career offender provisions. Under these circumstances, Nasir does not represent a change in the law that would result in a

---

[5] Ramos's contention that he was only convicted on an aiding and abetting theory is dubious in light of the Third Circuit's holding on appeal that "[t]he evidence at trial established that [he] exercised dominion and control over the drugs and the gun" sufficient to establish constructive possession. Ramos, 397 F. App'x at 769.

7

gross sentencing disparity between Ramos's sentence and the sentence likely to be imposed in February of 2024, when Ramos's Motion was filed. We therefore conclude that Ramos's reliance on Nasir as a basis for a reduction in sentence pursuant to § 1B1.13(b)(6) is misplaced.[6]

Finally, Ramos argues that a reduction is warranted based on a 2013 memorandum regarding Justice Department charging policy by then Attorney General Eric Holder. See Memorandum from Eric Holder, Attorney General, to the United States Attorneys and Assistant Attorney General for the Criminal Division (Aug. 12, 2013), https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/ag-memo-department-policypon-charging-mandatory-minimum-sentences-recidivist-enhancements-in-certain-drugcases.pdf [https://perma.cc/95ZA-E4YD] (the "Holder Memorandum"). Ramos asserts that, based on the Holder Memorandum, it is unlikely that the Government would seek a sentencing enhancement pursuant to 21 U.S.C. § 851 if charging him today, as it did when he was originally charged. But a change in Justice Department charging policy is not "a change in the law" as § 1B1.13(b)(6) requires. Cf. United States v. McCullers, Crim. A. No. 07-49, 2023 WL 8251591, at *4 (E.D. Va. Nov. 29, 2023) ("[Justice Department Memorandum regarding drug offenses] does not reflect a change to current law and does not provide an extraordinary or compelling reason for a sentence reduction." (quotation omitted)); United States v. Jackson, Crim. A. No. 08-20150, 2020 WL 2084890, at *3 (D. Kan. Apr. 30, 2020) ("[Justice Department memorandum regarding enforcement of appeal waivers] is one of DOJ policy, not a change in the law"); United States v.

---

[6] The amended Guideline that abrogated Nasir also does not pose an ex post facto issue, as Ramos appears to suggest. See United States v. Thompson, 825 F.3d 198, 206 (3d Cir. 2016) ("[R]endering [defendants] ineligible for the sentence reduction associated with [a Guidelines amendment] does not *lengthen* the period of time they will spend incarcerated—it merely denies them the benefit of a discretionary *reduction* of that period of time." (citations omitted)).

Campbell, Crim. A. No. 12-439, 2023 WL 7220732, at *4 (M.D.N.C. Nov. 2, 2023) ("[A] change in prosecutorial practice is not an intervening change in the law."); Goffigan v. United States, Crim. A. No. 16-34, 2023 WL 3550896, at *5 (E.D. Va. May 18, 2023) ("[An] Attorney General's memorandum does not reflect a change to current law."). Notably, policy statements like the Holder Memorandum "are not legally binding on prosecutors or the courts." Bell v. United States, Civ. A. No. 17-150, 2018 WL 11241066, at *3 (D.N.D. May 1, 2018) (citing United States v. Reed, 576 F. App'x. 60, 62 (2d Cir. 2014)). Moreover, the Holder Memorandum itself states that it "is not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding." Holder Memorandum at 2 n.2 (citation omitted). Thus, the Holder Memorandum is not "a change in the law" which might provide an extraordinary and compelling reason for a reduction of Ramos's sentence pursuant to § 1B1.13(b)(6).

For the reasons discussed above, we conclude that neither Nasir nor the Holder Memorandum constitute an extraordinary and compelling reason for a sentence reduction under § 1B1.13(b)(6). In his Reply, Ramos appears to acknowledge some of the deficiencies we have identified, and characterizes his Motion as being "anchored in the cumulative effect of legal changes over the course of his incarceration, alongside broader national concerns regarding sentencing disparities and the contentious application of his youthful offense as predicates for career offender status." (Def.'s Reply at 13.) Nonetheless, a "'judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon, 560 U.S. at 824 (alteration in original) (quoting 18 U.S.C. § 3582(b)). Ramos would still be considered a career offender under the Guidelines today, and that designation would produce the same Guidelines range. There is no basis to conclude that the Court, sentencing Ramos today, would impose a lower sentence than

9

Ramos received in 2009, which included a significant downward variance from the applicable Guideline range. Thus, we cannot conclude that the "limited circumstances" that might permit a modification of Ramos's sentence are present here. Id.

## IV. CONCLUSION

For the foregoing reasons, we conclude that Ramos is not eligible for a sentencing reduction under either § 3582(c)(2) or § 3582(c)(1)(A)(i). Accordingly, the Motion is denied in its entirety. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.